IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA

v.                                                    Case No. 3:25-CR-130

SHANNEL PEOPLES-HILLIARD,

*Defendant.*

## STATEMENT OF FACTS

The United States and the defendant, SHANNEL PEOPLES-HILLIARD ("PEOPLES-HILLARD" or "defendant"), agree that at trial, the United States would have proven the allegations set forth in the Criminal Information and the following facts beyond a reasonable doubt through admissible and credible evidence.

**At all times relevant to the Criminal Information:**

1.    School 1 is a private K-8 school located in Richmond, Virginia, within the Eastern District of Virginia, that primarily serves middle-income minority families including underprivileged students.

2.    The defendant, PEOPLES-HILLIARD, resided in Richmond, Virginia, within the Eastern District of Virginia.

3.    PEOPLES-HILLIARD was the Business Manager for School 1 from in or about May 2021 through in or about June 2024. As Business Manager for School 1, PEOPLES-HILLARD's duties and responsibilities included management and maintenance of the books and records of School 1, assisting in the development of School 1's budget, the performance of periodic bank reconciliation reports for School 1, and making purchases and payments on behalf of School 1.

1

4.     As part of those responsibilities, PEOPLES-HILLIARD had dominion and control over a credit card in the name of School 1 at TowneBank and issued by Elan Financial Services in Missouri (hereinafter, the "Elan Credit Card"). School 1 authorized PEOPLES-HILLIARD to use the Elan Credit Card for official school business only, a limitation that PEOPLES-HILLIARD knew and understood.

5.     As part of her responsibilities as Business Manager, PEOPLES-HILLIARD paid certain authorized business expenses on behalf of School 1 using the Elan Credit Card. These authorized expenses included items such as, but not limited to, advertisements for School 1, food for school events, school supplies, and school trips.

## Count One: Wire Fraud

6.     From in or about November 2021, and continuing through in or about July 2024, in the Eastern District of Virginia and within the jurisdiction of this Court, the defendant, SHANNEL PEOPLES-HILLIARD, knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money and property from School 1 by means of materially false and fraudulent pretenses, promises, and representations, to wit, embezzling funds from School 1 through the unauthorized use of School 1's credit card to pay for the defendant's personal expenses, and for the purpose of executing the scheme and artifice, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce certain signals and sounds, as described further below.

### *The Object of the Scheme and Artifice*

7.     The object of the defendant's scheme and artifice was to enrich herself by obtaining funds belonging to School 1 to which the defendant knew she was not entitled through false and misleading pretenses.

2

### *Manner & Means of the Scheme and Artifice*

8.      It was part of the defendant's scheme and artifice to defraud that, by abusing her access to School 1's Elan Credit Card, and corresponding access to School 1's bank account, from in or about November 2021 through in or about July 2024, defendant PEOPLES-HILLIARD embezzled approximately $239,820.09 in School 1's funds.

9.      It was further part of the scheme and artifice to defraud that none of these payments were made on behalf of School 1; instead, PEOPLES-HILLIARD made these purchases using the Elan Credit Card for her personal travel, luxury, and living expenses such as, but not limited to:

        a.   Trips to Orlando, Florida, Las Vegas, Nevada, Myrtle Beach, South Carolina, and Miami, Florida;

        b.   Entertainment, such as tickets to see performances such as Hamilton and shows by professional musicians such as Usher, LL Cool J, and Capitol Jazz;

        c.   Luxury goods, such as purses and jewelry; and

        d.   Living expenses, such as rent for the defendant's personal residence.

10.     PEOPLES-HILLIARD knew that School 1 did not authorize her to charge the Elan Credit Card for any of these personal expenses, and that there was no legitimate business purpose for these transactions. At all times, PEOPLES-HILLIARD knew and understood that her misuse of the Elan Credit Card operated as a fraud of School 1.

11.     It was further part of the defendant's scheme and artifice to defraud that, after executing such personal expenses on School 1's credit card, PEOPLES-HILLIARD paid off School 1's Elan Credit Card by knowingly causing the unauthorized withdrawals of funds and payments from School 1's bank account.

3

12.     It was further part of the scheme and artifice to defraud that, to conceal her embezzlement from School 1, PEOPLES-HILLIARD made materially false representations by falsifying School 1's bank reconciliation reports. These materially false representations included representations that certain expenses fell under certain categories of approved School 1 spending initiatives.

13.     For example, in reconciling the April 2, 2024 through May 2, 2024 Elan Credit Card statement and corresponding payment from School 1's bank account, PEOPLES-HILLIARD attributed personal expenses such as a cruise on Royal Caribbean, hotel stay in Winston-Salem, North Carolina, and a deposit to a restaurant (The Boathouse at Rocketts Landing) to a journal entry category for ongoing construction at School 1.

### *Execution of the Scheme and Artifice to Defraud & Wiring in Furtherance*

14.     For the purpose of executing the aforesaid scheme and artifice to defraud, the defendant routinely caused wire transmissions in interstate commerce, including wire transmissions of payments from Elan Financial Services, located in Missouri, to businesses located within the Eastern District of Virginia, and elsewhere.

15.     The defendant caused one such wiring on or about May 24, 2024, when the defendant caused to be transmitted by means of wire communication in interstate commerce the signs, signals, and writings described herein: the transfer of $1,591.77 from Elan Financial Services in Missouri (the issuer of School 1's Elan Credit Card) to The Boathouse at Rocketts Landing, a restaurant located within the Richmond metro area, as payment for a personal graduation party.

*   *   *   *

16.     This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding defendant's case.

17.     The actions of defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Erik S. Siebert
United States Attorney

Date: 9/4/2025                  By

Carla Jordan-Delamore
Assistant United States Attorney

5

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Shannel Peoples-Hilliard
Defendant


I am the attorney for the defendant.    I have carefully reviewed the above Statement of Facts with her.    To my knowledge, her decision to stipulate to these facts is an informed and voluntary one.

_____
Laura Koenig
Attorney for Defendant

6